■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER ATTARDO, Appellant.— Appeal by defendant from (1) a judgment of the Supreme Court, Queens County, rendered October 1, 1971, convicting him of aggravated harassment (2 counts) and criminal trespass in the fourth degree, upon a jury verdict, and sentencing him to three years' probation, and (2) an amended judgment of the same court, rendered March 3, 1972, sentencing him to a jail term of one year, upon a finding that he had violated the conditions of his probation. Amended judgment rendered March 3, 1972 reversed as to the conviction and sentence upon the two counts of aggravated harassment, on the law, and said counts dismissed. Amended judgment as to the trespass count modified, as a matter of discretion in the interest of justice, by reducing the sentence therein to the time served; and, as so modified, amended judgment affirmed as to said count. Appeal from judgment rendered October 1, 1971 dismissed as academic. That judgment was superseded by the amended judgment rendered March 3, 1972. The indictment charged defendant with two counts of the misdemeanor of aggravated harassment (counts 2 and 3; Penal Law, § 240.30). However, the trial court instructed the jury only on harassment as a violation (Penal Law, § 240.25, subds. 2, 3, 5) and did not inform them of the elements of the charged crime of aggravated harassment. Accordingly, the conviction on counts 2 and 3 should be reversed and as to them the charges dismissed. In view of our holding, we do not find it necessary to reach defendant's contention that section 240.30 of the Penal Law

is unconstitutionally vague. Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.